BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>      Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S REPLY TO DEFENDANTS' OBJECTIONS TO MOTION FOR COMPLEX CASE DESIGNATION PURSUANT TO 18 U.S.C § 3161(h)(7)(ii) AND TRIAL CONTINUANCE** |

      The United States of America, by and through, Bart M. Davis, United States Attorney for

the District of Idaho, and the undersigned Assistant United States Attorneys for the District of

GOVERNMENT'S REPLY TO OBJECTIONS TO
MOTION FOR COMPLEX-CASE DESIGNATION—1

Idaho, seek an order pursuant to 18 U.S.C. § 3161(h)(7)(ii), designating the present case as complex.

I.     **Procedural Background**

On October 22, 2018, the government filed an unopposed motion for complex case designation pursuant to 18 U.S.C. § 3161(h)(7)(ii) and a trial continuance for one year.  *See* ECF 134.  In that motion—based on the representations of all defense counsel—the government noted that all defense counsel had met,[1] convened, and agreed to a one-year continuance of the trial. *Id.* at 4.  Before that filing, defense counsel had collectively represented to the government that a one-year continuance was necessary to adequately prepare a defense in light of the complexities of the case.  *Id.*

After the government filed the unopposed motion, one of the ten defendants—Gennady Babitchenko—changed course, noticed his objection to a complex-case designation, and sought a ninety-day continuance of the then-impending trial date.  *See* ECF 135 (Gennady Babitchenko).  To allow consideration of the pending motion to designate the case as complex, the Court granted Gennady Babitchenko's motion to continue the trial for ninety days, resetting the trial for January 22, 2019.  *See* Order, ECF 136.

During the next sixteen days, eight of Gennady Babitchenko's fellow co-defendants followed suit:  each filed a two-sentence objection to both the complex-case designation under the Speedy Trial Act as well as a second trial continuance beyond January 22, 2019.  *See* ECF 137 (Piotr Babichenko); 138 (Timofey Babichenko); 139 (Natalya Babichenko); 140 (David Bibikov); 141 (Kristina Babichenko); 143 (Anna Iyerusalimets); 147 (Pavel Babichenko); 148 (Mikhail Iyerusalimets) (hereinafter, collectively, "Opposing Defendants").

---

[1]     Counsel for each defendant met except Artur Pupko's counsel.

GOVERNMENT'S REPLY TO OBJECTIONS TO
MOTION FOR COMPLEX-CASE DESIGNATION—2

Despite this newfound opposition, the government maintains its position that this matter is too complex to be litigated within the ordinary timeframe established in the Speedy Trial Act. In such circumstances, the Speedy Trial Act recognizes that the complexities of the case make the seventy-day timeframe unworkable. And so it is here.

II. **Statutory Framework**

As briefly discussed in the government's unopposed motion, the Speedy Trial Act accommodates delay caused by an unusually complex case. Section 3161(h)(7)(ii) recognizes that an ends-of-justice delay may be appropriate when:

> the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(ii).

Interpreting this section, the Ninth Circuit has held a case is sufficiently complex when the matter involves multiple defendants, multiple counts of complex wire-fraud charges, voluminous discovery, and witnesses "from both within and outside of Idaho." *See United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).

III. **Under § 3161(h)(7)(ii), the complexities of the present case mandate a trial continuance beyond the seventy-day framework contemplated for non-complex cases.**

Due to the nature of the charges, the complexities and geographic scope of this conspiracy, the number of defendants, and the discovery issues discussed herein, the complexities of the case render the seventy-day timeframe unworkable. Accordingly, the government requests a trial continuance to October 2019.

GOVERNMENT'S REPLY TO OBJECTIONS TO
MOTION FOR COMPLEX-CASE DESIGNATION—3

### A. Nature of the Conspiracies

As discussed in the then-unopposed motion for complex case designation, the conspiracy alleged in this thirty-four count indictment is vast and the result of an ongoing, multi-agency investigation targeting widespread international trafficking in counterfeit goods and labels.

From approximately 2008 through 2018, Pavel Babichenko, Piotr Babichenko, Timofey Babichenko, Gennady Babitchenko, Natalie Babichenko, Kristina Babichenko, Artur Pupko, David Bibikov, Mikhail Iyerusalimets, and Anna Iyerusalimets, along with other known and unknown conspirators, engaged in a scheme to purchase counterfeit electronic goods—primarily Apple iPhones and Samsung cellular products—from international manufacturers, which they then resold as genuine and new through online platforms such as Amazon and eBay.

To evade detection, the defendants operated over a hundred separate business entities to sell their counterfeit goods online to thousands of customers. They did so primarily out of two large warehouses located in the Treasure Valley, as well as out of their homes. Initially, their counterfeit scheme was recognized by U.S. Customs and Border Protection ("CBP"), which has seized over fifty international shipments of counterfeit electronic goods associated with this conspiracy. Local federal agents made over fourteen undercover purchases of counterfeit electronic goods between November 2015 and December 2017 through Amazon and eBay. Additionally—and with the help of a Confidential Human Source—investigators conducted three hand-to-hand, undercover purchases directly from the defendants in their Treasure Valley warehouses. Each undercover buy was a bulk purchase of counterfeit iPhone and Samsung products, which the CHS represented he would then individually resell through Amazon or eBay.

The magnitude of this conspiracy transcends the volume of sales: Pavel Babichenko, Timofey Babichenko, and Piotr Babichenko traveled from Boise to China and Hong Kong to

purchase counterfeit cellphones and cellphone accessories in bulk from international manufacturers. Once shipped, the defendants then repackaged the counterfeit goods in the Treasure Valley and then individually resold the goods to consumers online as genuine and new. Based on their investigation, federal agents confirmed that the defendants were successful in their operation: through surveillance and executed search and seizure warrants, investigators confirmed that the defendants were selling hundreds of items each day out of their Treasure Valley warehouses. The defendants have been operating this fraudulent scheme for the past ten years and used sophisticated means to evade detection—including extensive international money-laundering schemes.

For his part, Gennady Babitchenko laundered the criminal proceeds of this counterfeit trafficking scheme through various businesses, including European Denture Lab, via thousands of wire transfers and checks from coconspirators. Gennady has also moved over a million dollars to accounts and assets in Brazil, where the Babichenko family have built eponymous condominiums with the proceeds of their counterfeit goods trafficking and posted them for individual sale.

      **B.**     **Nature of Legal Issues**

Legally, the indictment raises intellectual property violations stemming from the defendants' trafficking in counterfeit cell phones, accessories, and packaging bearing a counterfeit trademark. While the indictment is limited to two genuine trademark holders—Apple Inc. and Samsung Electronics Co., Ltd.—additional trademark holder–companies have been identified as victims. The nature of this counterfeit conspiracy requires the expertise of the genuine trademark holders, or a similarly situated expert. Accordingly, the government has

been and continues to work with the victim–companies to assist in the identification of counterfeit goods seized during this investigation.

In addition to this required expertise, there are complex legal issues raised by the nature of the intellectual property conspiracy, including proof regarding market confusion as well as potential Lanham Act defenses.  *See* 18 U.S.C. § 2320(d) (incorporating Lanham Act defenses under 15 U.S.C. § 1051 *et seq.*), (f) (requiring, *inter alia*, market confusion).  Put plainly, the legal issues arising from the intellectual property allegations implicate more complex legal questions than the ordinary case.

### C.   Discovery

Like the conspiracies, the investigation has been complex and lengthy, resulting in voluminous evidence and multiple logistical complications.  This multi-agency investigation has resulted in approximately 400,000 pages in initial discovery, including 11,867 pages of investigative reports from Homeland Security Investigations ("HSI"); 589 pages of investigative reports from the Federal Bureau of Investigation ("FBI"); 325,365 pages of bank records; 12,626 e-mails; 199 pages of Trademark Certificates from the U.S. Patent and Trademark Office; and almost 1,000 pages of search and seizure warrants executed during this investigation.  The second round of discovery contains approximately 500,000 e-mails and 2,000 pages of CBP documents.  These documents will be produced this month.

Additional, voluminous discovery is likewise forthcoming from the simultaneous execution of ten search warrants of the defendants' homes and workplaces on August 22, 2018—resulting in an overwhelming body of physical and electronic evidence.

GOVERNMENT'S REPLY TO OBJECTIONS TO
MOTION FOR COMPLEX-CASE DESIGNATION—6

**Physical Evidence**

At the warehouses, agents encountered a mountain of evidence. From the smaller warehouse, agents seized nine pallets of suspected counterfeit goods, which totaled to 13,416 separate items.[2] In the larger warehouse, agents seized fifty-one pallets, which totaled to 90,357 separate items. Illustrative of the nature of these seizures are the 8,399 empty Apple iPhone packages and 18,768 empty Samsung packages seized from the larger warehouse. Apart from the evidentiary value such items may have, the government had an independent duty to seize items bearing counterfeit trademarks as contraband—and ultimately destroy them. *See* 18 U.S.C. §§ 2320, 2323. Accordingly, the government could not simply abandon suspected contraband at the search site.

Due to the volume of items seized from the two warehouses and the absence of local, available storage, these pallets were shipped to a CBP facility in Riverside, California.[3] All counsel were alerted to the relocation of this items before shipment. Additionally, samples were culled from these seizures, which are currently stored by local federal agencies.

---

[2] Specifically, among others, the agents seized the following items:
- Apple charging cables, earbuds, iPhone packaging, iPad packaging, and USB power adapters;
- Motorola phone backing, phone batteries, charging cables, phone retail packaging, and Droid Turbo 2 Retail Packaging;
- Samsung USB adapters, batteries, Galaxy retail packaging, charging cables, earbuds, Galaxy Instruction Booklets (Quick Start Guide), Gear S2 Retail packaging, Galaxy Grand Retail packaging, Galaxy S3 Mini retail packaging, i405 Stratosphere cellular phone, Samsung Galaxy Ace cellular phone, Samsung Galaxy S4 Zoom cellular phone, Samsung Galaxy S4 cellular phone, Samsung Exhibit 2 cellular phone (Model T679), Samsung Galaxy Light cellular phone (Model T399), and used and broken cellular phones.

[3] Evidence was also sent to the Salt Lake City FBI field office for storage.

GOVERNMENT'S REPLY TO OBJECTIONS TO
MOTION FOR COMPLEX-CASE DESIGNATION—7

**Electronic Evidence**

Like the physical evidence collected from the warehouses, the electronic evidence is vast. Agents seized approximately 96 computers—with a collective capacity of approximately 75 Terabytes—from the warehouses. The forensic images of the hard drives from the 96 computers were placed on 42 destination hard drives, each with an approximate capacity of four to six Terabytes. Using the equipment at hand, the HSI Boise forensic examiner estimates that it would take one day to copy two of the 42 destination hard drives and approximately four weeks to make a single, complete copy. HSI agents estimate that a set for each of the defendants would take up to 10 months.[4] The government is currently searching to identify more efficient means to reproduce this data.

Of paramount concern to the government is providing defense counsel with adequate access to this evidence to both allow sufficient time for review and to fulfill its *Brady* duties. Currently, government and defense counsel are discussing whether to request appointment of a coordinating-discovery attorney to ensure timely and robust access to all defense counsel. If such appointment were made, the coordinating attorney could streamline the discovery-access process by, for example, providing access to this discovery in a localized server that each defense counsel could access.

**International Evidence**

In addition to these logistical difficulties, the government is aware of international evidence, which triggers internal Department of Justice procedures and international law enforcement coordination through treaty. *Cf. United States v. Murillo*, 288 F.3d 1126, 1133–35

---

[4] This process would simply copy the data on the hard drives. Ordinarily, a forensic examiner also imports the raw data into a program that allows reformatting for review. This second, separate process is not included in this estimate.

GOVERNMENT'S REPLY TO OBJECTIONS TO
MOTION FOR COMPLEX-CASE DESIGNATION—8

(9th Cir. 2002) (affirming government's one-year continuance over the defendant's objection based on complexities of case, which included internal procedures of Department of Justice); *see also* 18 U.S.C. § 3161(h)(8).

## CONCLUSION

While nine of the ten defendants recanted their request for a one-year continuance, none provide a reason. Regardless, as originally evaluated, trial preparation for this case—including providing discovery and conducting pretrial motions, such as *James* hearings—cannot be conducted within the ordinary seventy-day framework established in the Speedy Trial Act. In light of the complexities articulated herein, the government respectfully requests that this Court designate the present matter as complex under the Speedy Trial Act and reset trial for October 2019. This timeframe should allow the government sufficient time to provide discovery to all defendants and address the hurdles caused by the scope of the defendants' international conspiracy.

Respectfully submitted this 9th day of November, 2018.

                              BART M. DAVIS
                              UNITED STATES ATTORNEY
                              By:

                              */s/ Katherine L. Horwitz*
                              KATHERINE L. HORWITZ
                              Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2018, the foregoing GOVERNMENT'S REPLY TO THE MOTION FOR COMPLEX CASE DESIGNATION AND TRIAL CONTINUANCE was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

| |
|---|
| JOHN DEFRANCO <br> 1031 E. Park Blvd. <br> Boise, ID 83712 <br> jcd@greyhawklaw.com <br> *Attorney for Pavel Babichenko* |
| DARTANYON BURROWS <br> P.O. Box 1003 <br> Payette, ID 83661 <br> dburrows@kmrs.net <br> *Attorney for Gennady Babitchenko* |
| PAUL E. RIGGINS <br> 380 South 4th Street, Ste. 104 <br> Boise, ID 83702 <br> rigginslaw@gmail.com <br> *Attorney for Piotr Babichenko* |
| ROB S. LEWIS <br> 913 W. River Street, Ste. 430 <br> Boise, ID 83702 <br> office@roblewislaw.com <br> *Attorney for Timofey Babichenko* |
| GREG S. SILVEY <br> P.O. Box 5501 <br> Boise, ID 83705 <br> greg@idahoappeals.com <br> *Attorney for Kristina Babichenko* |

GOVERNMENT'S REPLY TO OBJECTIONS TO
MOTION FOR COMPLEX-CASE DESIGNATION—10

| |
|---|
| J.D. MERRIS<br>913 W. River Street, Ste. 420<br>Boise, ID 83702<br>jmerris@earthlink.net<br>*Attorney for Natalya Babichenko* |
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |
| S. RICHARD RUBIN<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>dick_rubin@fd.org<br>*Attorney for Anna Iyerusalimets* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |
| GABRIEL MCCARTHY<br>802 W. Bannock Street, Suite 201<br>Boise, Idaho 83702<br>*Attorney for Artur Pupko* |

/s/ Katherine Horwitz
Assistant United States Attorney

GOVERNMENT'S REPLY TO OBJECTIONS TO
MOTION FOR COMPLEX-CASE DESIGNATION—11