Samuel Richard Rubin
FEDERAL PUBLIC DEFENDER
Melissa Winberg
Nicole Owens
Assistant Federal Defenders
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone:  (208) 331-5500
Facsimile:   (208) 331-5525

Attorneys for Defendant
ANNA IYERUSALIMETS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE B. LYNN WINMILL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR18-258-S-BLW |
| | ) | |
| Plaintiff, | ) | MOTION TO DISMISS |
| | ) | SUPERSEDING INDICTMENT |
| vs. | ) | FOR ETHNICALLY SELECTIVE |
| | ) | PROSECUTION AND |
| PAVEL BABICHENKO, | ) | ENFORCEMENT |
| GENNADY BABITCHENKO, | ) | |
| PIOTR BABICHENKO, | ) | |
| TIMOFEY BABICHENKO, | ) | |
| KRISTINA BABICHENKO, | ) | |
| NATALYA BABICHENKO, | ) | |
| DAVID BIBIKOV, | ) | |
| ANNA IYERUSALIMETS, | ) | |
| MIKHAIL IYERUSALIMETS, | ) | |
| ARTUR PUPKO, | ) | |
| | ) | |
| Defendants. | ) | |

-1-

Anna Iyerusalimets, through her counsel Samuel Richard Rubin, Melissa Winberg, and Nicole Owens of the Federal Defender Services of Idaho, respectfully moves this Court to dismiss the superseding indictment because it arose from ethnically selective prosecution and enforcement, violating the equal protection guarantee of the Fifth Amendment to the United States Constitution.

## INTRODUCTION

The Federal Bureau of Investigation (FBI) engaged in ethnically discriminatory selective law enforcement and the United States Attorney's Office (USAO) engaged in ethnically discriminatory selective prosecution. In doing so, the FBI and USAO violated the Fifth Amendment guarantee of equal protection, warranting dismissal.

In this case, the FBI and the Assistant United States Attorney (AUSA) targeted Anna and her codefendants for enforcement and prosecution because of their Russian ethnicity. From the outset of its investigation through the grand jury proceedings and a public press conference, the government has repeatedly and gratuitously invoked Anna and her codefendants' ethnicity. In the grand jury proceedings, the FBI and the AUSA went so far as to cast doubt on the defendants' immigration status even though Anna was born in the United States and she and her codefendants are all United States citizens. (*See* ECF No. 1 at 2–4.) Anna and her codefendants' Russian ethnicity is <u>irrelevant</u>

to the charges in the superseding indictment. The government's repeated, gratuitous references to the defendants' Russian ethnicity serve no conceivable purpose other than to discriminate against them and stoke anti-Russian sentiment. Because the government targeted Anna and her codefendants for investigation, arrest, and prosecution based on their Russian ethnicity and in violation of their equal protection rights, she asks the Court to dismiss the superseding indictment. Alternatively, at the very least, she asks this Court to order additional discovery on discriminatory effect.

## FACTUAL BACKGROUND

In January 2008, the Federal Bureau of Investigation began investigating a Boise family in an operation it called "Russian Rubles." (*See* Exhibit A.) Not a single alleged fact in eventual case involved Rubles or Russia, other than the Russian ethnicity of the defendants.

On August 14, 2018, the investigation ultimately led to a grand jury. There, the FBI and the AUSA continued to improperly focus on the Russian ethnicity of the defendants, casting doubt on their citizenship even though all of the defendants are United States citizens. The factual background and arguments relating to the grand jury proceedings are filed in a separate appendix under seal. Fed. R. Crim. P. 6(e)(2)(B).

On August 22, 2018, law enforcement agents conducted a massive roundup of individuals of Russian ethnicity in the Treasure Valley. As part of

this operation, Anna Iyerusalimets, a then 28-year-old violinist who held a position in the Boise Philharmonic and pregnant mother was taken into custody at gunpoint by a SWAT team in the early morning hours in front of her young children. As law enforcement agents well knew, Anna had no criminal history and there was no evidence she posed a danger. In fact, the concurrent search of her residence revealed zero weapons.

On August 23, 2018, in a widely disseminated press release and press conference, the United States Attorney's Office for the District of Idaho and law enforcement extolled the accomplishment of taking sixteen individuals into custody. Fifteen of the sixteen individuals were of Russian ethnicity. At the press conference and in the press release, the government lauded the "federal indictment of sixteen defendants on drug trafficking, fraud, money laundering and counterfeit goods trafficking charges[.]" (*See* Exhibit B and C.) In fact, of the sixteen, only six were indicted on drug trafficking charges.

Indeed, Anna's only tie to the people charged with drug crimes was their Russian ethnicity. However, in confusing and misleading statements at the press conference and in the press release, the government repeatedly linked Anna to six unrelated people charged with drug crimes. At one point, FBI Assistant Special Agent in Charge Earl Camp emphasized that it was an investigation into international organized crime that posed a "threat to our national and economic security." (Exhibit C at 13:00.) He stated "[w]hat started

-4-

as a traditional drug investigation identified a much more complex scheme to defraud the American people and American companies with counterfeit electronics." (Exhibit C at 13:15.) The subtext was not lost on the reporters in attendance, who immediately asked about the nationality of the defendants, forcing United States Attorney Bart Davis to clarify that all but a few of the sixteen defendants were United States citizens, although he emphasized that some were naturalized citizens.

The government selectively enforced and selectively prosecuted this case against Anna and her codefendants because of their Russian ethnicity and at a time when anti-Russian sentiment in the United States is high. According to the Pew Research Center, "half of adults (50%) say they view Russia's power and influence as 'a major threat' to the well-being of the U.S."[1] In the same 2019 study, "[a]bout a quarter of adults (26%) sa[id] they view[ed] Russia as an adversary, while a plurality (44%) sa[id] they think it is a serious problem, but not an adversary[.]"[2] The language that the government has repeatedly used in speaking about the defendants echoes the anti-Russian sentiment

---

[1] Pew Research Center, "Climate Change and Russia Are Partisan Flashpoints in Public's Views of Global Threats" (July 30, 2019), https://www.people-press.org/2019/07/30/climate-change-and-russia-are-partisan-flashpoints-in-publics-views-of-global-threats/#changing-views-of-global-threats.
[2] *Id.*

among the broader public: that Russia and Russians present threats to United States national security.

## ARGUMENT

The equal protection guarantee of the Due Process Clause of the Fifth Amendment constrains the ways in which law enforcement and prosecutors may exercise discretion. *United States v. Armstrong*, 517 U.S. 456, 464–65 (1996). Specifically, the government may not target a person for enforcement or prosecute them based on their "race, religion, or other arbitrary classification[.]" *Id.* at 465 (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Selective enforcement and selective prosecution claims "draw on ordinary equal protection standards[.]" *Id.* at 465 (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985) (internal quotation marks omitted)). To prevail on selective prosecution claim, a person must show that the prosecution had a discriminatory effect and that the prosecutor was motivated by a discriminatory purpose. *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018) (citing *Armstrong*, 517 U.S. at 465). Likewise, to prevail on a selective enforcement claim, a person must show that enforcement had a discriminatory effect and law enforcement were motivated by a discriminatory purpose. *Sellers*, 906 F.3d at 856 (citing *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012) (en banc)). Obtaining discovery on selective enforcement

requires a defendant to show less. "[E]vidence of discriminatory intent" alone "may be enough to warrant discovery." *Sellers*, 906 F.3d at 856.

The prosecution or enforcement of the law based on "an unjustifiable standard such as race, religion, or other arbitrary classification" violates Fifth Amendment's equal protection clause. *Oyler*, 368 U.S. at 500. Yet this is precisely what the government did in investigating, arresting, charging, and prosecuting Anna Iyerusalimets because of her Russian ethnicity. Despite Anna's status as a full citizen born and raised in the United States, the government has repeatedly emphasized her Russian ethnicity in its enforcement and prosecution of this case. These facts expose the unconstitutional foundation of the prosecution and enforcement, which requires dismissal.

## A. The government selectively prosecuted Anna based on her Russian ethnicity, violating the equal protection guarantee of the Fifth Amendment, which warrants dismissal.

A selective prosecution claim is "an independent assertion that the prosecutor brought the charge for reasons forbidden by the Constitution." *Armstrong*, 517 U.S. at 463. The requirements for a selective prosecution claim "draw on ordinary equal protection standards." *Id.* at 465 (quoting *Wayte*, 470 U.S. at 608 (internal quotation marks omitted)). The claim must demonstrate that the prosecution "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte*, 470 U.S. at 608. To establish a

discriminatory effect the defendant must show that "similarly situated individuals of a different race were not prosecuted." *Armstrong*, 517 U.S. at 465.

The facts showing selective prosecution arose in proceedings before the grand jury and are in the appendix filed separately under seal. *See* Fed. R. Crim. P. 6(e)(2)(B).

**B.    The government selectively enforced the law against Anna because of her Russian ethnicity, violating the equal protection guarantee of the Fifth Amendment, which warrants dismissal.**

Selective enforcement claims require a person to make the same showing as selective prosecution claims: that the investigation had a discriminatory effect and purpose. *Sellers*, 906 F.3d at 856 (citing *Lacey*, 693 F.3d at 920 (9th Cir. 2012) (en banc)).

Here the ethnicity of the defendants drove the investigation. First, the operation name "Russian Rubles" specifically references the defendants' Russian ethnicity even though none of the alleged facts in this case involve Rubles (the Russian currency) or Russia. Second, all the defendants charged in the case are of Russian ethnicity. More importantly, in confusing and misleading statements at a press conference and in a press release, the FBI conflated this case with a separate case involving defendants of Russian

ethnicity who were charged with drug crimes. Anna was not in a "crime ring" with alleged drug distributors and had nothing to do with those cases.

Law enforcement specifically targeted individuals of Russian ethnicity throughout this investigation. The government's sole focus on those of Russian ethnicity caused it to ignore other people who engaged in the same conduct that the government alleges Anna and her codefendants engaged in. The FBI made controlled purchases of cellphones and chargers from the defendants. While making these purchases on Amazon and EBay, the government simply ignored the sellers of other listings for similar products that were displayed.

Specifically, Count III of the Superseding Indictment relates to a "New Apple iPhone 5C 16GB Factory Unlocked Smartphone" purchased by law enforcement.  The phone was sold for "$269.00."



On the same page as this listing, the government saw advertisements for other businesses selling similar products at a similar price.



Law enforcement simply ignored the other listings and did nothing to investigate the other non-Russian sellers. In addition, on July 10, 2018, the FBI had direct knowledge of the following Chinese companies who were distributing counterfeit Apple products but chose not to pursue them:

1) Chan Mun WA

2) Cheng Bang Trading Company

3) Hua Cheng Trade Limited

4) Shenzhen UG Entergy Co LTD

5) Tang Yi Jiao

6) Tincom International Limited

7) Topphone International Trading Limited

8) Unitedinform International LTD

9) Wiss Wireless CO Limited

10) YF Shipping Limited

11) Yuen ST and EC LTD

12) 4PX Express Shenzhen CO LTD

13) Alliance Telecom

14) AzeureDFF Cargo CO LTD

15) CEE Unlimited

**C.     Because the government targeted Anna and her codefendants based on their ethnicity, she is, at the very least, entitled to discovery on the question of discriminatory effect.**

The Ninth Circuit recently held that "*Armstrong*'s rigorous discovery standard for selective prosecution cases does not apply strictly to discovery requests in selective enforcement claims." *Sellers*, 906 F.3d at 855. Specifically, to receive discovery on a selective enforcement claim, "a defendant need not proffer evidence that similarly-situated individuals . . . were not investigated or arrested[.]" *Id.* Instead, "[w]hile a defendant must have something more than mere speculation to be entitled to discovery, what that something looks like will vary from case to case." *Id.* In establishing a less rigorous standard for obtaining discovery on selective enforcement claims, the Court recognized that "[s]elective prosecution is not selective enforcement" because "law enforcement officers do not enjoy the same strong presumption that they are constitutionally enforcing the laws that prosecutors do." *Id.* at 853.

Anna has shown that law enforcement targeted her and her codefendants because they are of Russian ethnicity. In other words, she has shown the government's discriminatory intent. But if the Court believes that Anna's evidence of discriminatory effect falls short of what would be required for dismissal on her selective enforcement claim, she is entitled to receive discovery on discriminatory effect. If the Court does not dismiss, Anna requests discovery on: (1) the government's targeting criteria for the enforcement of the

crimes alleged in the superseding indictment; (2) data on convictions for those offenses in this District since January 2008, when the FBI began its investigation in this case; and (3) data on similarly situated people who were engaged in similar conduct as the government alleges in this case, but who were not targeted for enforcement.

## CONCLUSION

The government may not target anyone for enforcement or prosecution based on their race, ethnicity, religion, or other arbitrary classification. Doing so undermines the core guarantee of equal protection in Due Process Clause of the Fifth Amendment. Yet throughout the investigation and prosecution of this case, law enforcement and the prosecution have targeted Anna and her codefendants because of their Russian ethnicity. Law enforcement and the prosecution ignored people who were not of Russian ethnicity and who were engaged in the same conduct that is alleged in this case. Accordingly, the Court must dismiss the superseding indictment because it arose from unconstitutional selective prosecution and enforcement. At the very least, the Court must order the government to disclose evidence that would allow Anna to more fully develop her selective enforcement claim.

Dated: February 25, 2020


Respectfully submitted,

                              SAMUEL RICHARD RUBIN
                              FEDERAL PUBLIC DEFENDER
                              By:

                              /s/ Samuel Richard Rubin
                              Samuel Richard Rubin
                              Federal Public Defender
                              Federal Defender Services of Idaho
                              Attorneys for Defendant
                              ANNA IYERUSALIMETS

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document, MOTION TO DISMISS SUPERSEDING INDICTMENT FOR ETHNICALLY SELECTIVE PROSECUTION AND ENFORCEMENT with EXHIBITS A-C, was served on all parties named below on this 25th day of February, 2020.

Kate Horwitz, Assistant United States Attorney
Office of the United States Attorney          ____  Hand Delivery
Washington Group Plaza, IV                    ____  United States Mail
800 Park Blvd., Suite 600                      X    CM/ECF Filing
Boise, ID 83712                               ____  Email Transmission
Kate.Horwitz@usa.doj.gov


John Charles DeFranco                         ____  Hand Delivery
Ellsworth, Kallas & DeFranco, PLLC            ____  United States Mail
1031 E. Park Blvd.                             X    CM/ECF Filing
Boise, ID 83712                               ____  Email Transmission
jcd@greyhawklaw.com

Jeffrey Brownson                              ____  Hand Delivery
Law Office of Jeffrey Brownson                ____  United States Mail
223 North 6th Street, Suite 215                X    CM/ECF Filing
Boise, ID 83702                               ____  Email Transmission
jb@jeffreybrownsonlaw.com

Paul E. Riggins                               ____  Hand Delivery
Riggins Law                                   ____  United States Mail
POB 5308                                       X    CM/ECF Filing
Boise, ID 83705                               ____  Email Transmission
rigginslaw@gmail.com

Rob S. Lewis                              ____  Hand Delivery
960 Broadway #210                         ____  United States Mail
Boise, ID 83701                            X    CM/ECF Filing
office@roblewislaw.com                    ____  Email Transmission

Greg S. Silvey                            ____  Hand Delivery
PO Box 5501                               ____  United States Mail
Boise, ID 83705                            X    CM/ECF Filing
greg@idahoappeals.com                     ____  Email Transmission

J D Merris                                ____  Hand Delivery
Merris and Naugle                         ____  United States Mail
913 W. River St. 420                       X    CM/ECF Filing
Boise, ID 83702                           ____  Email Transmission
jmerris@cableone.net

Robyn Fyffe                               ____  Hand Delivery
Fyffe Law                                 ____  United States Mail
PO Box 5681                                X    CM/ECF Filing
Boise, ID 83705                           ____  Email Transmission
robyn@fyffelaw.com

Ellen Nichole Horras Smith                ____  Hand Delivery
5561 N. Glenwood St.                      ____  United States Mail
Boise, ID 83714                            X    CM/ECF Filing
ellen@smithhorras.com                     ____  Email Transmission


Dated: February 25, 2020          /s/ Joy Fish_____
                                  Joy Fish