Samuel Richard Rubin
FEDERAL PUBLIC DEFENDER
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone: (208) 331-5500
Facsimile: (208) 331-5525

Attorneys for Defendant
PAVEL BABICHENKO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## (HONORABLE B. LYNN WINMILL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR18-258-S-BLW |
| | ) | |
| Plaintiff, | ) | MOTION TO DISMISS |
| | ) | |
| vs. | ) | |
| | ) | |
| PAVEL BABICHENKO, | ) | |
| GENNADY BABITCHENKO, | ) | |
| PIOTR BABICHENKO, | ) | |
| TIMOFEY BABICHENKO, | ) | |
| KRISTINA BABICHENKO, | ) | |
| NATALYA BABICHENKO, | ) | |
| DAVID BIBIKOV, | ) | |
| ANNA IYERUSALIMETS, | ) | |
| MIKHAIL IYERUSALIMETS, | ) | |
| ARTUR PUPKO, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Anna Iyerusalimets respectfully asks the Court to dismiss the charges against her. By putting Ms. Iyerusalimets in a position where she cannot effectively defend herself against the government's charges without first laboring under the obloquy of an indictment for over two years, the government has violated her speedy trial rights.

**BACKGROUND**

On August 14, 2018, Ms. Iyerusalimets was charged in an expansive, multi-defendant case with counts of Conspiracy to Commit Wire Fraud, Wire Fraud, Mail Fraud, Conspiracy to Traffic in Counterfeit Goods, and Conspiracy to Launder Money. (ECF No. 1.)

The government had years to prepare—and to organize—its case. But it did not do so. Instead, the government chose to pursue a "go find the needle in the haystack" approach to discovery—filing a barebones indictment and then dumping a disorganized mass of materials, *terabytes* worth of them, onto Ms. Iyerusalimets. The nature of the government's presentation of this case is such that, for counsel to provide even minimally effective representation, we need over two years to prepare—two years during which Ms. Iyerusalimets will have to raise her young children, take care of her family, and live her life while under the devastating, deeply stigmatizing, cloud of a federal indictment.

It didn't need to be this way. The government could have culled its discovery in advance of charging; it could have provided a coherent presentation of its case; or it could have waited to fully synthesize and organize the evidence before pursuing charges. It could have, but it did not.

Under the circumstances, the government has violated the Speedy Trial Clause, and the charges against Ms. Iyerusalimets must be dismissed.

## ARGUMENT

The right to a speedy trial "has its roots at the very foundation of our English law heritage." *Klofer v. North Carolina*, 386 U.S. 213, 223 (1967). It is "one of the most basic rights preserved by our Constitution." *Id.* It is, in a word, "fundamental." *Barker v. Wingo*, 407 U.S. 514, 525-26 (1972).

To evaluate whether the government has violated the constitutional speedy trial right, courts weigh four factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of the speedy-trial right; and 4) prejudice. *Id.* at 530. Of these concerns, it is not prejudice, but the "reason for the delay [that] is the focal inquiry." *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989). This is the "flag all litigants seek to capture." *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986). At any hearing on a speedy-trial claim, the prosecution "bears the burden of explaining the delay in bringing an accused to trial"—not the defendant. *McNeeley v. Blanas*, 336 F.3d 822, 827 (9th Cir. 2003).

The *Barker* factors call for dismissal of the indictment here.

## A. The length of the delay—over two years—favors dismissal

The length of the delay that the government has engineered in this case favors dismissal. The length of delay is a "threshold" issue, where a defendant must "show that the period between indictment and trial" is "presumptively prejudicial." *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003). Although courts have declined to declare a "bright-line rule," delays "approaching one year are presumptively prejudicial." *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)). Ms. Iyerusalimets was indicted on August 14, 2018, but her case cannot be tried until, at the earliest, October 5, 2020. And now the government is asking for even further delay. (ECF No. 363.) Presumptive prejudice is apparent.

## B. The delay is unjustified

The government has caused this delay through a series of inexcusable choices—and, what is more, it has admitted to having caused this delay in open court:

- Choice 1: the government chose to bury Ms. Iyerusalimets and her co-defendants in paper, instead of providing them an organized, pre-sorted, copy of the pertinent discovery in this case;
- Choice 2: the government then chose—over Ms. Iyerusalimets's objection—to have this case declared a complex case. In pursuing this designation, the government made a series of representations about the vast scope of pertinent discovery in this case, suggesting to the Court that the nature of these proceedings, standing by themselves, justified a significant delay.

- Choice 3: the government has continued to roll out discovery in a disorganized and dilatory way. And its representations about the content of discovery have shifted, strategically, during the course of this case. When it suits the government for the case to appear massive, we have been advised that discovery in this case is over 75 terabytes of information—an almost unfathomable amount of data. On the other hand, when the government wants to minimize the size of this case, its story changes, and it advises the court that the putatively massive discovery is, in fact, extraneous irrelevancies.

The upshot of this set of choices is that Ms. Iyerusalimets simply cannot be prepared for trial before October 5, 2020. This is the government's fault, and the delay must therefore be attributed to the government.

### C. Ms. Iyerusalimets has asserted her right to a speedy trial

Ms. Iyerusalimets has asserted her speedy trial rights. She opposed the government's motion to declare the case complex. And it is only because the government has buried her in paper that she has been forced to acknowledge that, as the case is being prosecuted, she cannot be ready for trial until October 2020, at the earliest. This acknowledgment, however, is not a waiver of her right to a speedy trial; instead, it has been wrung from her by a dilemma of the government's own devise: 1) forgo speedy trial rights or 2) forgo effective assistance of counsel. *See, e.g.*, *United States v. Scott*, 450 F.3d 863 (9th Cir. 2006) (government is "limit[ed] . . . [in its] ability to exact waivers of rights as a condition of benefits" because "[g]iving the government free reign to grant conditional benefits creates the risk that the government will abuse its power

by attaching strings strategically, striking lopsided deals and gradually eroding constitutional protections").

### D. The delay prejudiced Ms. Iyerusalimets

Ms. Iyerusalimets has been prejudiced by the unjustified delay in this case. Courts assess prejudice against the interests that "the speedy trial right was designed to protect": 1) "to prevent oppressive pretrial incarceration"; 2) to "minimize anxiety and concern of the accused"; and 3) to "limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532.

Ms. Iyerusalimets has not been subject to oppressive pretrial incarceration (though her brothers have). But the other two prejudice factors weigh in favor of dismissal here. The extended delay in prosecuting this case has caused Ms. Iyerusalimets severe anxiety and concern. Ms. Iyerusalimets's anxiety and concern has been magnified by the way the government has publicized the charges in this case. (*See* ECF No. 364.) The government has insinuated that Ms. Iyerusalimets—a woman whose sincere religious commitments cause her to deplore the drug trade—is associated with narcotics trafficking. (ECF No. 364.) Even though she maintains her innocence, the government has also affirmatively sought out "victims" of Ms. Iyerusalimets's conduct—thereby further branding her as a criminal.[1] Due to the government's

---

[1] *E.g.* CBS 2 News, *Were You a Victim of Alleged Treasure Valley Counterfeit Case? FBI Wants to Hear From You*, Nov. 27, 2018 (describing FBI tweet and

approach to prosecuting this case, Ms. Iyerusalimets has labored under this stigma *for years*.

Ms. Iyerusalimets has also been prejudiced by fading memories. As the Supreme Court recognizes, extended delays may leave witnesses "unable to recall accurately events," and "[l]oss of memory" is "not always reflected in the record" for the simple reason that "what has been forgotten can rarely be shown." *Id.* For that reason, the Supreme Court has recognized that "affirmative proof of particularized prejudice is *not* essential to every speedy trial claim." *Doggett v. United States*, 505 U.S. 647, 655 (1992). This is sensible—showing missing witnesses or faded memories is nearly impossible: "impairment of one's defense is the most difficult form of speedy trial prejudice to prove" because a defendant can rarely show how delay "weakened [her] ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence." *Id.* This factor, too, favors dismissal.

## CONCLUSION

For the reasons described above, the charges against Ms. Iyerusalimets must be dismissed.

---

questionnaire, available at https://idahonews.com/news/local/were-you-a-victim-of-alleged-cell-phone-fraud-case-fbi-wants-to-hear-from-you).

Dated: February 26, 2020

Respectfully submitted,

SAMUEL RICHARD RUBIN
FEDERAL PUBLIC DEFENDER
By:

/s/ Samuel Richard Rubin
Samuel Richard Rubin
Federal Public Defender
Federal Defender Services of Idaho
Attorneys for Defendant
ANNA IYERUSALIMETS

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document, MOTION TO DISMISS, was served on all parties named below on this 26th day of February, 2020.

Kate Horwitz, Assistant United States Attorney
Office of the United States Attorney                    ____   Hand Delivery
Washington Group Plaza, IV                              ____   United States Mail
800 Park Blvd., Suite 600                                X     CM/ECF Filing
Boise, ID 83712                                         ____   Email Transmission
Kate.Horwitz@usa.doj.gov


John Charles DeFranco                                   ____   Hand Delivery
Ellsworth, Kallas & DeFranco, PLLC                      ____   United States Mail
1031 E. Park Blvd.                                       X     CM/ECF Filing
Boise, ID 83712                                         ____   Email Transmission
jcd@greyhawklaw.com


Jeffrey Brownson                                        ____   Hand Delivery
Law Office of Jeffrey Brownson                          ____   United States Mail
223 North 6th Street, Suite 215                          X     CM/ECF Filing
Boise, ID 83702                                         ____   Email Transmission
jb@jeffreybrownsonlaw.com


Paul E. Riggins                                         ____   Hand Delivery
Riggins Law                                             ____   United States Mail
POB 5308                                                 X     CM/ECF Filing
Boise, ID 83705                                         ____   Email Transmission
rigginslaw@gmail.com


Rob S. Lewis                                            ____   Hand Delivery
960 Broadway #210                                       ____   United States Mail
Boise, ID 83701                                          X     CM/ECF Filing
office@roblewislaw.com                                  ____   Email Transmission

| Greg S. Silvey | ____ | Hand Delivery |
| PO Box 5501 | ____ | United States Mail |
| Boise, ID 83705 | _X_ | CM/ECF Filing |
| greg@idahoappeals.com | ____ | Email Transmission |

| J D Merris | ____ | Hand Delivery |
| Merris and Naugle | ____ | United States Mail |
| 913 W. River St. 420 | _X_ | CM/ECF Filing |
| Boise, ID 83702 | ____ | Email Transmission |
| jmerris@cableone.net | | |

| Robyn Fyffe | ____ | Hand Delivery |
| Fyffe Law | ____ | United States Mail |
| PO Box 5681 | _X_ | CM/ECF Filing |
| Boise, ID 83705 | ____ | Email Transmission |
| robyn@fyffelaw.com | | |

| Ellen Nichole Horras Smith | ____ | Hand Delivery |
| 5561 N. Glenwood St. | ____ | United States Mail |
| Boise, ID 83714 | _X_ | CM/ECF Filing |
| ellen@smithhorras.com | ____ | Email Transmission |

Dated: February 26, 2020        /s/ Melissa Winberg
                                Melissa Winberg