UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>PAVEL BABICHENKO,<br>GENNDAY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>        Defendants. | Case No. 1:18-CR-00258-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Anna Iyerusalimets' Motion to Dismiss for violation of her right to a speedy trial. Dkt. 370. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On August 15, 2018, Ms. Iyerusalimets and 9 codefendants were indicted in

**MEMORANDUM DECISION AND ORDER - 1**

a 34-count indictment charging them variously with wire fraud, trafficking in counterfeit goods, and money laundering. Dkt. 1. On August 23, 2018, Ms. Iyerusalimets was arraigned and released pending trial. Dkt. 41, 47. Ms. Iyerusalimets remains on pretrial release.

The Government alleges that Defendants operated a multi-year, large-scale conspiracy to purchase counterfeit cellphones and cellphone accessories from China and Hong Kong and then resale those products in the United States. Defendants allegedly set up hundreds of business entities, used hundreds of bank accounts, and conducted thousands of wire transfers across several continents to evade detection. Discovery in this case is voluminous, the Government seized 96 devices and has collected 75 terabytes of data. *See* Dkt. 437 at 4-6. The defense team requested, and the Court appointed, a discovery coordinator. Dkt. 158. Trial in this matter is expected to last 2 months. The Court holds regular status conferences with counsel for all parties to ensure that discovery is proceeding, and trial can begin on February 1, 2020.

On October 22, 2018, the Government filed a motion to designate this case as complex and to continue trial. Dkt. 134. Trial was set to begin on October 23, 2018. The Court granted a 3-month continuance to consider the motion. Dkt. 136. On November 30, 2018 the Court designated this case as complex and continued

trial to June 2, 2019. Dkt. 157. On May 15, 2019 a superseding indictment was filed adding multiple counts. Dkt. 210. On January 14, 2019, the Court granted Defendants' motion to continue trial and reset trial for July 29, 2019. Dkt. 161, 162. On July 19, 2019, the Court continued trial, on Defendants' request, to allow them adequate time to prepare; trial was reset for October 5, 2020. Dkt. 281. On April 1, 2020, the Court granted the Government's second motion to continue, setting trial for February 1, 2020, to allow the Government continuity of counsel – the Government's lead counsel was expecting her first child within a month of trial. Dkt. 471. In its order, the Court recognized that the COVID-19 pandemic may necessitate additional continuances due to challenges with obtaining and reviewing discovery and court operations.

## LEGAL STANDARD

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." Such a right is fundamental and exists not just to ensure "that all accused persons be treated according to decent and fair procedures," *Barker v. Wingo*, 407 U.S. 514, 519 (1972), but also because "there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Id*. at 519.

In assessing the merits of a claimed violation of the Sixth Amendment

speedy trial right, courts are to conduct a balancing test involving four separate factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of her right; and 4) prejudice to the defendant. *Barker*, 407 U.S. at 529. The Court must determine "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992). Significantly, "none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533.

## ANALYSIS

"To trigger a speedy trial inquiry, an accused must show that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay." *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993) (quoting *Doggett*, 505 U.S. at 652). Courts have generally found that delays approaching one year are "presumptively prejudicial." *Id.* At the time Ms. Iyerusalimets filed her motion trial was set for October 5, 2020 – a period of 26 months. Trial is now set for February 1, 2021 – a delay of 30 months. Thus, the

threshold inquiry is met, and the Court must consider the remaining *Barker* factors.

There are several reasons for the delay in this case. The Court designated this case as complex and extended the trial date 7 months on the Government's motion. The Court further continued trial for 4 months on the Government's motion to provide continuity of counsel. Defendants have requested, and received, approximately 17 months of continuances to allow them to prepare for trial. Counsel for Ms. Iyerusalimets argued that a continuance until October was necessary to allow time to organize discovery, hire experts, and investigate charges. Dkt. 394. Defendants have also filed multiple pretrial motions which required extensive briefing and hearings. Had trial not been continued on either the Government or the Defendants' motions, it almost certainly would have been continued to allow time to resolve these motions. Finally, while the Government requested the most recent continuance, the Court notes that discovery is actively progressing, and the filter team is still producing emails and other discovery to both sides.

Ms. Iyerusalimets argues that the Government caused all of the delay by dumping extensive discovery on defendants in an "disorganized and dilatory" way. Dkt. 370 at 5. However, there is no allegation that the Government is intentionally, or even negligently, causing the delay. Instead, this is a complex case, with

expansive discovery due to the multiple defendants' extensive operations and alleged efforts to avoid detection. The Government has been diligent in providing discovery and responding to motions. Seventeen months of delay are attributable to Defendants in this case. *United States v. Tanh Huu Lam*, 251 F.3d 852, 857 (9th Cir.). The Court is also skeptical that Defendants would have been ready to go to trial on October 23, 2018, given the significant amount of discovery still pending at that time. Ultimately, the bulk of delay falls on Ms. Iyerusalimets and her codefendants.

Turning to Ms. Iyerusalimets assertion of her speedy trial right. At the time she filed her motion, trial was set for October 5, 2020. This delay was necessary to allow defense counsel time to review discovery and adequately prepare. During the June 6, 2019 status conference, counsel for Ms. Iyerusalimets asked the Court to set the trial in the fall of 2020, even though the Court suggested April 2020. Dkt. 394. Then in March 2020 Ms. Iyerusalimets filed the current motion. While the Court will not fault Ms. Iyerusalimets for standing on her rights, Counsel's prior arguments undercut the arguments in her motion. *Tanh Huu Lam*, 251 F.3d at 859 (a defendant's assertions of his speedy trial right "must be viewed in the light of [his] other conduct" (citations omitted)).

Finally, as to the last *Barker* factor, Ms. Iyerusalimets must demonstrate

MEMORANDUM DECISION AND ORDER - 6

actual prejudice. In *United States v. Shell*, 974 F.2d 1035 (9th Cir.1992), the Ninth

Circuit interpreted *Doggett* as holding that "no showing of prejudice is required

when the delay is great and attributable to the government." But, that is not the

case here. The delay is only 18 months over the presumptive one-year threshold,

which is not great in the context of a very complex case. *Beamon*, 992 F.2d at

1014. Nor is the delay entirely attributable to the Government, instead it is largely

due to Defendants' need to prepare.

  "Traditionally, actual prejudice can be shown in three ways: oppressive

pretrial incarceration, anxiety and concern of the accused, and the possibility that

the accused's defense will be impaired." *Id.* Ms. Iyerusalimets has not been

incarcerated. She asserts that the anxiety caused by the prosecution – being

branded a criminal and the Government's notification of victims – and her "fading

memories" have prejudiced her. Dkt. 370 at 7. Certainly, this case has received

significant media attention, and the Government has notified potential victims as

required by the Crime Victims Rights Act. But, the events giving rise to Ms.

Iyerusalimets purported anxiety are not tied to the pretrial delay, the bulk of the

media attention occurred early in the case, and the victims would have been

notified no matter when trial occurred. Ms. Iyerusalimets' argument that her

defense will be impaired due to her "fading memory" is speculative, and does not

MEMORANDUM DECISION AND ORDER - 7

support a finding of prejudice. *Tanh Huu Lam*, 251 F.3d at 860. Further, it is undercut by her counsel's arguments in favor of a continuance due to Defendants' need to prepare. Ms. Iyerusalimets' defense would have been more impaired by not allowing counsel to fully review discovery.

Having weighed the *Barker* factors the Court will deny the motion to dismiss.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss (Dkt. 370) is DENIED.

DATED: September 14, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**