Charles Peterson
FEDERAL PUBLIC DEFENDER
Melissa Winberg
Nicole Owens
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone:  (208) 331-5500
Facsimile:   (208) 331-5525
Attorneys for Defendant
ANNA IYERUSALIMETS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE B. LYNN WINMILL)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) | CR18-258-S-BLW |
| Plaintiff, ) ) | MOTION TO COMPEL THE GOVERNMENT TO COMPLY WITH RULE 16 EXPERT DISCLOSURES |
| vs. ) ) | |
| PAVEL BABICHENKO, ) GENNADY BABITCHENKO, ) PIOTR BABICHENKO, ) TIMOFEY BABICHENKO, ) KRISTINA BABICHENKO, ) NATALYA BABICHENKO, ) DAVID BIBIKOV, ) ANNA IYERUSALIMETS, ) MIKHAIL IYERUSALIMETS, ) ARTUR PUPKO, ) ) Defendants. ) | |

-1-

Ms. Iyerusalimets, through her attorneys, Melissa Winberg and Nicole Owens with Federal Defender Services of Idaho, hereby moves the Court to compel the government to comply with Fed. R. Crim. P. 16(a)(1)(G) by February 22, 2021. As previously noted, the government's expert disclosures are wholly inadequate. ECF Nos. 646 (Motion to Exclude Leah Caras); 647 (Motion to Exclude Joshua Warner); 648 (Motion to Exclude Alan Aprea, Eugene Matho, and Brian Giese); 649 (Motion to Exclude James Hogg and Christopher Pyryt); 651 (Motion to Exclude Amazon and eBay Experts); 652 (Motion to Exclude Robert Hanratty); 653 (Motion to Exclude Robert Pollock).

Rule 16 clearly requires the government to give "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The government is required to provide a criminal defendant with the both witness's ultimate opinion and "the bases and reasons for those opinions," including "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion . . . ." *Id.*, Fed R. Crim. P. 16, Advisory Comm. Notes, 1993 Amendment.

Despite the government expert disclosure deadline of January 1, 2020, (ECF No. 296) and defense objections following the expert discovery deadline

(ECF Nos. 645-49, 651-53), the government continues to fail to meet these obligations. For each of its experts, the government provided vague information as to the witness's qualifications and outlined broad categories without providing conclusions much less the bases and reasons for the opinions.[1] While the defense was at a disadvantage for their expert disclosure deadline since many experts had been unable to fully review the massive

---

[1] ECF Nos. 340 (e.g., Leah Caras "is expected to testify that, in her opinion, these parts and accessories were not authentic Apple products, because, among other reasons, the manufacturing specifications of the counterfeit merchandise were inferior and the counterfeit products lacked crucial indicia of legitimate Apple Inc. products"; a Qualcomm expert similarly would testify "that he examined the mobile-device parts and accessories bearing the various Qualcomm Inc. trademarks at issue in this case and that these parts and accessories were not authentic Qualcomm products, because, among other reasons, the manufacturing specifications of the counterfeit merchandise were inferior and the counterfeit products lacked crucial indicia of legitimate Qualcomm products"; Samsung expert James Hogg would also "testify that, in his opinion, these, parts and accessories were not authentic Samsung products, because, among other reasons, the manufacturing specifications of the counterfeit merchandise were inferior and the counterfeit products lacked crucial indicia of legitimate Samsung products" with no bases or reasons for these generic opinions described or disclosed); 341 (e.g., Alan Aprea and Eugene Matho Jr. in almost identical disclosures would "explain how CBP identifies international shipments of counterfeit products at its port of entries and when such contraband is seized" and "generally explain the following processes: when and why goods are targeted and presented for inspection; when and why goods are detained; notices to importers, rights holders, and brokers; the inventory, appraisal, and seizure of the goods; and, finally, transference and storage of seized property."); 342 (e.g., Linda Czemerys "will opine on whether the records of the activity in the Defendants' hundreds of bank accounts and tax records during the timeframe for the alleged money laundering conspiracy shows evidence of activity that is consistent with persons engaged in illegal activity and money laundering," which is certainly not an opinion, and the government further appears unaware of the difference between expert qualifications and the bases for opinions, since it describes the latter as "years of experience conducting criminal financial investigations, specialized knowledge gained as a result of this experience, as well as training and education in the area of financial investigations.").

quantity of discovery or conduct examinations of the physical evidence at the time of the initial defense expert disclosures, the defense is supplementing their disclosures in good faith to provide the government with the information required in Rule 16. Unfortunately, the government has not done the same. The Court has not yet ruled on defense objections to the government expert disclosures and trial is fast approaching.

The purpose of Rule 16 is to avoid trial by ambush and to give opposing counsel a reasonable opportunity to prepare for cross-examination and challenges to expert testimony. Fed R. Crim. P. 16, Advisory Comm. Notes, 1993 Amendment ("The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."). Especially in a case such as this, with several varieties of charges, multiple experts, and terabytes of discovery, it is unreasonable for the government to make ambiguous disclosures. And it is unacceptable to force the defense to go fishing through the mountains of discovery to guess as to the possible bases for government experts' opinions or (to the extent such bases have even been disclosed).

Thus, Ms. Iyerusalimets requests (in addition to the prior motions to exclude) the Court compel the government to supplement its disclosures with

a comprehensive summary of expert testimony by no later than February 22, 2021. Ms. Iyerusalimets further requests that, should the government continue to violate Rule 16, the Court prohibit government experts from testifying as to any subject about which the government has failed to properly disclose the witness's opinions, bases and reasons for the opinions, or qualifications.

Dated: February 3, 2021

Respectfully submitted,

                                  CHARLES PETERSON
                                  FEDERAL PUBLIC DEFENDER
                                  By:

                                  /s/ Melissa Winberg
                                  Melissa Winberg
                                  Nicole Owens
                                  Federal Defender Services of Idaho
                                  Attorneys for Defendant
                                  ANNA IYERUSALIMETS

# CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document, MOTION TO COMPEL THE GOVERNMENT TO COMPLY WITH RULE 16 EXPERT DISCLOSURES, was served on all parties named below on this 3rd day of February, 2021.

| | |
|---|---|
| Kate Horwitz, Assistant United States Attorney | |
| Office of the United States Attorney | ____ Hand Delivery |
| Washington Group Plaza, IV | ____ United States Mail |
| 800 Park Blvd., Suite 600 | _X_ CM/ECF Filing |
| Boise, ID 83712 | ____ Email Transmission |
| Kate.Horwitz@usa.doj.gov | |
| | |
| John Charles DeFranco | ____ Hand Delivery |
| Ellsworth, Kallas & DeFranco, PLLC | ____ United States Mail |
| 1031 E. Park Blvd. | _X_ CM/ECF Filing |
| Boise, ID 83712 | ____ Email Transmission |
| jcd@greyhawklaw.com | |
| | |
| Jeffrey Brownson | ____ Hand Delivery |
| Law Office of Jeffrey Brownson | ____ United States Mail |
| 223 North 6th Street, Suite 215 | _X_ CM/ECF Filing |
| Boise, ID 83702 | ____ Email Transmission |
| jb@jeffreybrownsonlaw.com | |
| | |
| Paul E. Riggins | ____ Hand Delivery |
| Riggins Law | ____ United States Mail |
| POB 5308 | _X_ CM/ECF Filing |
| Boise, ID 83705 | ____ Email Transmission |
| rigginslaw@gmail.com | |
| | |
| Rob S. Lewis | ____ Hand Delivery |
| 960 Broadway #210 | ____ United States Mail |
| Boise, ID 83701 | _X_ CM/ECF Filing |
| office@roblewislaw.com | ____ Email Transmission |

-7-

| | |
|---|---|
| Greg S. Silvey<br>PO Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com | \_\_\_\_ Hand Delivery<br>\_\_\_\_ United States Mail<br>\_X\_ CM/ECF Filing<br>\_\_\_\_ Email Transmission |
| J D Merris<br>Merris and Naugle<br>913 W. River St. 420<br>Boise, ID 83702<br>jmerris@cableone.net | \_\_\_\_ Hand Delivery<br>\_\_\_\_ United States Mail<br>\_X\_ CM/ECF Filing<br>\_\_\_\_ Email Transmission |
| Robyn Fyffe<br>Fyffe Law<br>PO Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com | \_\_\_\_ Hand Delivery<br>\_\_\_\_ United States Mail<br>\_X\_ CM/ECF Filing<br>\_\_\_\_ Email Transmission |
| Ellen Nichole Horras Smith<br>5561 N. Glenwood St.<br>Boise, ID 83714<br>ellen@smithhorras.com | \_\_\_\_ Hand Delivery<br>\_\_\_\_ United States Mail<br>\_X\_ CM/ECF Filing<br>\_\_\_\_ Email Transmission |

Dated: February 3, 2021          /s/ Joy Fish
                                 Joy Fish